IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOYCE ANN NIELSEN, | ) | |
| | ) | CASE NO. BK09-82626-TLS |
| Debtor(s). | ) | A11-8062-TLS |
| JOYCE ANN NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA CORPORATION | ) | |
| – CHARLOTTE NC USA and GREEN | ) | |
| TREE SERVICING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the debtor's motion for summary judgment (Fil. No. 5). No resistance was filed. Trinh P. Tran represents the debtor. No appearance was made for the defendants. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtor's real property. There are two perfected liens on the debtor's home. According to the debtor, the first lien is held by Wells Fargo Home Mortgage, which holds a secured claim in the amount of $78,352.98. The second, held by Bank of America National Association, is in the approximate amount of $20,675.48. Green Tree Servicing, LLC, has also filed a proof of claim based on the same promissory note. The debtor values the property at $70,000.00 in accordance with an appraisal performed in September 2009. Accordingly, the debtor asserts that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The motion is denied as to Bank of America because service of process was deficient. The debtor served Bank of America by certified mail addressed to "Pres. & Managing Officer, Bank of America, 100 N. Tryon St., Charlotte, NC 28255." Federal Rule of Bankruptcy Procedure 7004(h) requires service on an insured depository institution to be made by certified mail addressed to an officer of the institution. Courts are split on whether the service needs to be addressed to a named individual or whether the officer's title is sufficient. *Compare In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993) ("By addressing the envelope 'Attn: President' the debtors did not serve an officer, they served an office.") *with Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893,

899 (Bankr. N.D. Ill. 2007) (stating that the text of the rule does not require a plaintiff to serve a corporate officer by name).

Even if service using only a title is sufficient, the debtor did not use the address Bank of America has designated for notices. On its proof of claim, Bank of America identified "GMAC Mortgage Corporation, 1100 Virginia Drive, P.O. Box 8300, Fort Washington, PA 19034" as the recipient of notices related to the bankruptcy case. *See also* 11 U.S.C. § 342(e) and (g).

The issue is one of due process. The purpose of service is to provide notice to interested parties. Therefore, at a minimum, a debtor should serve a creditor at the address it has identified as its preferred address for receiving notices.

With regard to Green Tree Servicing, LLC, the debtor did serve the president and managing officer at the address designated as its notice address on the proof of claim. Therefore, service on Green Tree will be deemed proper. Green Tree has not filed an answer or responded to the motion for summary judgment, so judgment should be entered in the debtor's favor at the appropriate time. Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b) discourage the entry of final judgment against fewer than all the parties unless there is no just reason for delay. There has been no such demonstration in this case, so entry of judgment will be deferred until after proper service is achieved on Bank of America.

IT IS ORDERED: The debtor-plaintiff's motion for summary judgment (Fil. No. 5) is granted as to Green Tree Servicing, LLC, and denied as to Bank of America. Entry of judgment will be deferred.

DATED:    October 3, 2011

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Trinh P. Tran
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.