IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOYCE ANN NIELSEN, | ) | |
| | ) | CASE NO. BK09-82626-TLS |
| Debtor(s). | ) | A11-8062-TLS |
| JOYCE ANN NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA CORPORATION – CHARLOTTE NC USA and GREEN TREE SERVICING, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the debtor's second motion for summary judgment (Fil. No. 20). No resistance was filed. Trinh P. Tran represents the debtor. No appearance was made for the defendants. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtor's real property. There are two perfected liens on the debtor's home. According to the debtor, the first lien is held by Wells Fargo Home Mortgage, which holds a secured claim in the amount of $78,352.98. The second, held by Bank of America National Association, is in the approximate amount of $20,675.48. Green Tree Servicing, LLC, has also filed a proof of claim based on the same promissory note. The debtor values the property at $70,000.00 in accordance with an appraisal performed in September 2009. Accordingly, the debtor asserts that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The following facts are uncontroverted:

1. The plaintiff is the debtor in this Chapter 13 proceeding.

2. The plaintiff is the owner of real property legally described as Lot 9, Block 3, in Mahoney and Minahans' First, an addition to the City of Omaha, as surveyed, platted and recorded, in Douglas County, Nebraska, commonly known as 5134 S. 39th, Omaha, NE 68107.

    3. The above-described property has at all relevant times been the personal residence of the plaintiff herein.

    4. Wells Fargo Bank, N.A., holds the first lien against the real property in the approximate amount of $78,352.98.

    5. Bank of America, National Association, holds the second lien against the property in the approximate amount of $20,675.48.

    6. Green Tree Servicing, LLC, also filed a proof of claim based on the same note as the Bank of America.

    7. Based on an appraisal conducted at the debtor's request on September 22, 2009, the debtor values the property at $70,000.00.

    8. Based upon the 2009 valuation by the Douglas County Assessor, the value of the personal residence in question is $69,300.00.

    9. Upon information and belief, the second lien held by Bank of America is wholly unsecured.

    10. The plaintiff filed this adversary complaint on July 8, 2011.

    11. Summary judgment has already been granted against Green Tree Servicing, LLC.

    12. A pluries summons and the complaint were served on November 14 and 15, 2011, on the defendant's president, CEO, and registered agent at the appropriate addresses.

    13. The time for filing an answer or other response expired on December 17, 2011.

    14. No answer or other response has been filed or served by the defendant.

    15. The defendant is not an infant or incompetent person as set out in Federal Rule of Bankruptcy Procedure 7055(b)(2), and is not in the military service.

    Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

    The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:

> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtor may strip off the wholly unsecured junior lien held by Bank of America, National Association, and/or Green Tree Servicing, LLC, for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiff completes the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or

dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiff's residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiff successfully completes the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. No. 20) is granted. Separate judgment will be entered.

DATED: February 24, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Trinh P. Tran
   U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.